# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| GREGORY DAVID VAUGHN, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. CIV 16-425-RAW-KEW |
| KEN KLINGER, Warden, | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

This habeas corpus action pursuant to 28 U.S.C. § 2241 was commenced in the Western District of Oklahoma on September 20, 2016 (Dkt. 1). The case was transferred to this Court on October 10, 2016, because Petitioner is incarcerated in this district (Doc. 9).

On December 13, 2016, Petitioner filed a "petition for authorization order for second or successive habeas corpus" (Dkt. 16), which was construed as a motion to amend this § 2241 petition (Dkt. 1). On December 21, 2016, the Court denied the motion as improperly filed in this Court (Dkt. 17). On January 18, 2017, Petitioner submitted a letter stating the petition for authorization to file a second or successive petition was intended to initiate a new action pursuant to 28 U.S.C. § 2254 and to challenge the validity of the sentences imposed in his conviction in Stephens County, Oklahoma (Dkt. 18).

Because Petitioner's petition for authorization order for second or successive habeas corpus was improperly filed, the Clerk of Court is directed to STRIKE the improper petition (Dkt. 16) and the minute order denying it (Dkt. 17). The Court Clerk is further directed to send Petitioner a copy of the docket sheet in this case. Petitioner is granted thirty (30) days

from the entry of this Order to file a response to Respondent's answer to this § 2241 petition (Dkt. 14).

Regarding Petitioner's attempt to initiate a separate habeas corpus petition with his petition for authorization order for second or successive habeas corpus (Dkt. 16), he asserts in a letter dated January 20, 2017 (Dkt. 19), that he may not have needed authorization to file a § 2254 petition, because he has not filed a previous § 2254 action. If Petitioner wants to pursue a separate § 2254 action challenging the Stephens County conviction and sentence, he must submit a proper petition for a writ of habeas corpus pursuant to § 2254, along with either the $5.00 filing fee or a proper motion for leave to proceed *in forma pauperis*. Furthermore, because Stephens County is within the territorial jurisdiction of the Western District of Oklahoma, any § 2254 petition must be filed in that court.

Petitioner also has filed a motion for an evidentiary hearing "because of unfactual and false statements, as well as the deception and omission of evidence from DOC records" (Dkt. 15 at 1). The motion concerns Petitioner's disagreements with Respondent's answer (Dkt. 14). He asks to be allowed to present evidence through DOC records, because Respondent allegedly has tried to conceal this evidence (Dkt. 15 at 4). The Court finds an evidentiary hearing is not warranted, because the documents filed in this case are sufficient to resolve Petitioner's habeas claims. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005) (citing *Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003)). Petitioner's motion for an evidentiary hearing (Dkt. 15) is DENIED.

**ACCORDINGLY,** the Clerk of Court is directed to STRIKE Petitioner's petition for authorization order for second or successive habeas corpus (Dkt. 16) and the minute order denying the petition (Dkt. 17). The Clerk of Court is further directed to send Petitioner a

copy of the docket sheet for this case. Petitioner's motion for an evidentiary hearing (Dkt. 15) is DENIED, and Petitioner is granted thirty (30) days to file a response to Respondent's answer.

    **IT IS SO ORDERED** this 30th day of January 2017.

                                      **RONALD A. WHITE**
                                      **UNITED STATES DISTRICT JUDGE**