# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GREGORY DAVID VAUGHN,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 16-425-RAW-KEW |
| **KEN KLINGER, Warden,** | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at Union City Community Corrections Center in Union City, Oklahoma. He is challenging the execution of his sentences imposed in Stephens County District Court Case No. CF-2009-320, Stephens County District Court Case No. CF-2011-106, and Grady County District Court Case No. CF-2010-216.

Petitioner also claims he has suffered a violation of the prohibition against double jeopardy, because his sentences have been amended multiple times, with the DOC starting and stopping his sentences in Stephens County Case No. 2011-106 and Grady County Case No. 2010-216 at least twice (Dkt. 1 at 4). He asserts that if the sentences had not stopped running, he could have completed his sentences on or around December 4, 2015. *Id.*

Respondent has filed a response to the petition, alleging Petitioner's sentences are

being properly administered, and there has been no violation of the Double Jeopardy Clause (Dkt. 14). The record shows that Petitioner was received into the DOC on June 8, 2012, to serve seven sentences of incarceration from Stephens and Grady Counties:

**Stephens County**

| | |
|---|---|
| CF-2009-320, Count 1 | 15 years (Dkt. 14-4) |
| CF-2009-320, Count 2 | 5 years, concurrent with CF-2009-320, Count 1 (Dkt. 14-4) |
| CF-2010-35B | 5 years, concurrent with CF-2009-320 and CF-2010-46 (Dkt. 14-5) |
| CF-2010-46 | 5 years, concurrent with CF-2009-320 and CF-2010-35B (Dkt. 14-6) |
| CF-2011-106 | 10 years, consecutive to CF-2009-320, CF-2010-35B, and CF-2010-46 (Dkt. 14-7) |

**Grady County**

| | |
|---|---|
| CF-2010-94 | 5 years, concurrent with Stephens County No. CF-2011-106 and consecutive to Grady County No. CF-2010-216 (Dkt. 14-8). |
| CF-2010-216, Count 2 | 10 years, concurrent with Stephens County No. CF-2011-106 and consecutive with Grady County No. CF-2010-94 (Dkt. 14-9). |

Petitioner alleges his sentences have been unclear since sentencing (Dkt. 1 at 10). The Judgment and Sentence ("J&S") for Stephens County Case No. CF-2009-320 ordered the 5-year sentence for Count 2 is to run concurrently with the 15-year sentence for Count 1 (Dkt. 1-2 at 1). He claims, however, that the Judgments and Sentences for Stephens County Case

2

Nos. CF-2010-35B and CF-2010-46 ordered *all* Stephens County Cases to run concurrently (Dkts. 1 at 10; 1-2 at 2-3). Petitioner maintains this sentencing ordered in Case Nos. CF-2010-35B and CF-2010-46 equated to a 15-year sentence with all cases running concurrently to the 15-year sentence imposed in Case No. CF-2009-320, Count 1. *Id.*

On November 15, 2012, Petitioner wrote a letter to Jim Rabon, DOC Sentence Administrator, stating Petitioner believed he received sentences totaling 15 years' imprisonment for the Stephens County convictions (Dkt. 14-10 at 1). Petitioner understood that his Grady County sentences would run concurrently, meaning he would not serve any time in addition to the 15 years. *Id.* When he arrived at DOC, however, Petitioner was advised that although his sentencing was unclear, his total length of incarceration was calculated as 30 years. *Id.* at 1-2. Petitioner supplemented the letter on November 26, 2012, stating his Judgments and Sentences did not conform to his understanding of his plea agreements. *Id.* at 3. Mr. Rabon responded to Petitioner's letter on January 30, 2013:

> You were received by the Department of Corrections on June 8, 2012, and began serving concurrent sentences in CF2009-320, CF2010-35, and CF2010-46, Stephens County; to be followed by consecutive sentences in CF2011-106, Stephens County, and concurrent case CF2010-94, Grady County; and a consecutive sentence in CF2010-216, Grady County. . . . The judges in the two counties were very specific about the sequencing of these sentences. The Stephens County judge ordered that CF2009-320, CF2010-35, and CF2010-46 be served concurrent to each other and that CF2011-106 be served consecutively. The Grady County judge determined the sequence of CF2010-94 and CF2010-216 by specifically ordering that the two cases be served consecutive to each other, by ordering that they be served concurrent with Stephens County case CF2011-106, but not ordering that they be served concurrent with Stephens County cases in CF2009-320, CF2010-35, and CF2010-46.

3

> You are currently serving CF2009-320, CF2010-35, and CF2010-46. When you complete CF2009-320, the longest running sentence of this group of concurrent sentences, you will rebill to CF2011-106 and CF2010-94. When you complete CF2010-94 you will begin serving your final consecutive sentence in CF2010-216. The court-ordered sequence of your sentences requires you to serve a total of thirty years.

(Dkt. 14-11).

According to the Oklahoma State Courts Records website at www.oscn.net, on March 20, 2013, Petitioner filed a motion requesting an amended Judgment and Sentence in Grady County District Court Case Nos. CF-2010-94 and CF-2010-216.[1] On June 4, 2013, the Grady County District Court entered an Order Nunc Pro Tunc in Case Nos. CF-2010-94 and CF-2010-216, stating that it appeared the agreement between the parties as to the Judgment and Sentence in these cases was "not factually clear" (Dkt. 14-12). Therefore, "the terms imposed in the above styled cases are ordered to run concurrently with Stephens County Case[s] CF-2009-320, CF-2010-46, CF-2010-35 and CF-2011-106." *Id.*

On August 8, 2013, the Grady County District Court entered an Amended Order Nunc Pro Tunc, stating that the agreement between the parties as to the Judgments and Sentences in Case Nos. CF-2010-94 and CF-2010-216 was "not completely clear" (Dkt. 14-13). Upon agreement of the parties, Petitioner's sentences in Grady County District Court Case Nos. CF-2010-94 and CF-2010-216 again were ordered to run concurrently with Stephen County Case Nos. CF-2009-320, CF-2010-46, CF-2010-35, and CF-2011-106. *Id.* Petitioner also

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

4

was given credit for the 196 days he spent in the Grady County Jail. *Id.*

On June 3, 2014, and June 23, 2014, Petitioner sent letters to the DOC Sentence Administration Auditor, requesting another clarification of his sentence and claiming he was entitled to immediate release (Dkt. 14-14). The response to Petitioner's letters, dated June 25, 2014, stated:

> Your controlling case is Stephens County CF 2009-320 Ct. 1 which is for 15 years which started . . . 06/08/2012. Upon completion of CF 2009-320 Ct. 1 you will start serving 20 years (10 years suspended) on your Stephens County case CF 2011-106 which is consecutive to CF 2009-320 Ct. 1. This is a total of 25 years to serve. . . .
>
> You also have Stephens County cases CF 2009-320 Ct. 2 for 5 years, CF 2010-35 for 5 years and CF 2010-46 for 5 years that are running concurrently (at the same time) to the 15 year Stephens County Case CF 2009-320 Ct. 1.
>
> While you are serving the Stephens County sentences you also have Grady County cases which are all running concurrently to your Stephens County cases as follows: CF 2010-94 for 5 years started the date you were received at LARC, 6/8/2012. Upon completion of CF 2010-94 you will start serving 10 years on your Grady County case CF 2010-216 Ct. 2 which is consecutive to CF 2010-94. Upon completion of CF 2010-216 Ct. 2 you have a 5 year suspended sentence, CF 2010-216 Ct. 1.
>
> Because of the way the counties conducted their sentencing it was decided that to keep track of your time it would be easier to keep two Consolidated Record Cards (CRC's) one with the Grady County cases and one with the Stephens County cases.
>
> As you can see you have a total of 25 years to serve and then 10 years suspended on your Stephens County cases[,] and on your Grady County cases you have 15 years to serve and then 5 years suspended but, as I have already commented, the Grady County cases are running at the same time as the Stephens County cases. This means that your Grady County cases will be completed prior to your Stephens County cases. . . .

5

> I suggest if you have a problem with your sentencing that you contact your attorney as your Records Officer and Sentence Administration have both answered your question; you have 25 years to serve and then will have 10 years probation following that 25 year sentence. We cannot be any clearer than that. . . .

(Dkt. 14-15).

The record shows that when Petitioner was received into DOC custody on June 8, 2012, he began serving his 15-year sentence for Stephens County CF-2009-320, Count 1. According to the Oklahoma Department of Corrections website at https://www.ok.gov/doc, the sentence for CF-2009-320, Count 1 was discharged on May 8, 2017, and the 10-year consecutive sentence in Stephens County Case No. CF-2011-106 began on that same date.[2] Petitioner's 10-year sentence for Grady County Case No. 2010-216 started on December 7, 2014, and was discharged on June 10, 2017. The second letter from the DOC Sentence Administrator explained the administration of Petitioner's sentences (Dkt. 14-15), and Petitioner has not produced any documentation of alterations to his sentences after that letter was issued.

Respondent alleges there is no indication that Stephens County CF-2011-106 ever was started and then stopped. This assertion is supported by Petitioner's Consolidated Record Card for his Stephens County convictions, which is the only official document that keeps a record of Petitioner's time for the Stephens County cases (Dkt. 14-2). In addition,

---

[2] *See Triplet v. Franklin*, 365 Fed. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010) (taking judicial notice of the Oklahoma DOC website pursuant to Fed. R. Evid. 201).

Petitioner's Consolidated Record Card for his Grady County convictions has no indication that Grady County CF-2010-216 ever has started and stopped (Dkt. 14-3).

As for Petitioner's double jeopardy claim, he alleges his sentences in Grady County Case No. CF-2010-216 and Stephens County Case No. CF-2011-106 have been amended multiple times, resulting in the sentences starting and stopping multiple times through no fault of his own (Dkt. 1 at 4). He asserts these sentences should have run concurrently, resulting in a total sentence of 15 years that would have been completed on or around December 4, 2015. *Id.* at 10. The record shows these two sentences actually have been run concurrently, however, Stephens County No. CF-2011-106 also was ordered to run consecutively to Petitioner's other Stephens County cases.

The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[.]" In *Warnick v. Booher*, 425 F.3d 847 (10th Cir. 2005), the Tenth Circuit Court of Appeals explained:

> The Clause protects against (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *Jones v. Thomas*, 491 U.S. 376, 381 (1989) (internal quotation marks omitted). The prohibition against multiple punishments, which is the prohibition at issue in this case, itself includes two prohibitions: (1) against "greater punishment than the legislature intended," *Jones*, 491 U.S. at 381 (internal quotation marks omitted); and (2) against sentence adjustments that upset a defendant's legitimate "expectation of finality in his sentence." *United States v. DiFrancesco*, 449 U.S. 117, 136 (1980).

*Warnick*, 425 F.3d at 847.

Petitioner makes no argument that his punishment exceeds what the legislature

7

intended. Instead, he alleges his sentence adjustments have upset his legitimate expectation of finality of his sentences.

As discussed above, the J&S for Stephens County Case No. CF-2009-320 ordered Petitioner to serve a 15-year sentence for Count 1 (Dkt. 14-4). The J&S for Grady County Case No. 2010-216 sentenced him to 10 years for Count 2, concurrent with Stephens County Case No. CF-2011-106 (Dkt. 14-9). In Case No. CF-2011-106, Petitioner was sentenced to 10 years' incarceration, consecutive to his other Stephens County sentences (Dkt. 14-7). Pursuant to the Amended Order Nunc Pro Tunc entered by the Grady County District Court, Petitioner's two Grady County sentences were ordered to run concurrently with the Stephens County cases (Dkt. 14-3). Contrary to Petitioner's unsupported claim, there is no evidence that the service of his sentences for Stephens County CF-2011-106 or Grady County CF-2010-216 ever stopped and restarted.

Petitioner's habeas corpus claims are premised on his belief that pursuant to his plea agreements, he had a total of 15 years to serve in prison (Dkt. 1 at 10). The DOC, however, must administer the sentences as set forth by the courts, not based on Petitioner's understanding of the plea agreements. The Grady County District Court reduced Petitioner's total length of incarceration by changing the two Grady County convictions from consecutive 5-year and 10-year sentences to concurrent sentences totaling 10 years (Dkt. 14-13). The 10-year sentence for Stephens County Case No. 2011-106 always has been a 10-year sentence, consecutive to Stephens County Case Nos. CF-2009-320, CF-2010-35B, and CF-2010-46

8

(Dkt. 14-7). The record clearly shows that Petitioner was required to serve a total of 25 years' incarceration. For the reasons set forth in this Opinion and Order, the Court finds Petitioner is not entitled to federal habeas corpus relief.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner must be DENIED a certificate of appealability.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability. Petitioner's motions for summary disposition or summary judgment (Dkt. 23) and for default (Dkt. 26) are DENIED as moot.

**IT IS SO ORDERED** this 12th day of February, 2018.

**Dated this 12th day of February, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma